STOCKSTILL *et al. v.* BART *et al.*

*(Circuit Court, D. Washington, N. D.* August 11, 1891.)

1. ESTOPPEL—QUITCLAIM DEED.
 A daughter bought real estate, and had the deed made to her mother, who afterwards conveyed it by deed, in which her husband did not join, to a corporation, from which plaintiff afterwards purchased it. The consideration was paid by the corporation to the daughter. The plaintiff objected to the title, whereupon the husband quitclaimed to plaintiff for a nominal consideration. The husband knew of the conveyance to the corporation, and did not object thereto, nor assert any title to the premises, until after he had deeded to plaintiff. *Held,* that both husband and wife, and their subsequent grantee without consideration, were estopped to claim title adversely to the plaintiff.

2. COMMUNITY PROPERTY—SEPARATE CONVEYANCE BY WIFE.
 Where real estate is purchased by one person, and title taken in the name of a married woman for convenience only, the grantee is a mere trustee, and her separate deed, by direction of the *cestui que trust,* who received the consideration, will pass a perfect title, since the property is not community real estate within the meaning of Code Wash. § 2410, providing that the husband has control of community real estate, but shall not sell or convey it unless the wife joins in the deed, and that such deed must be acknowledged by him and his wife.

3. SAME—GIFTS.
 Under Code Wash. §§ 2400, 2408, providing that property acquired by husband or wife after marriage by gift, devise, or inheritance shall be the separate property of each, respectively; and section 2409, providing that all property otherwise acquired shall be community property, —real estate conveyed to a married person as a gift does not become community property, even though the donor intended it as a gift to both husband and wife.

In Equity.
*Thomas R. Shepard,* for plaintiffs.
*George D. Blake* and *James M. Epler,* for defendants.
Before SAWYER, Circuit Judge, and HANFORD, District Judge.

HANFORD, J. This is a suit to remove a cloud upon the title to real estate. A certain corporation, being the apparent owner of the property, sold it to the complainants for its full value, gave them a deed, and put them in possession. Whether said corporation was or was not the legal owner of the property at the time of said sale depends upon the validity of a contract which it made for the purchase thereof, and of a deed given to it by Mrs. Hanna Forbes. The defendant Bart claims to be the owner of the property by virtue of a deed to him from Mrs. Forbes and her hus-

band, and he has given a mortgage upon it to his co-defendant, Mrs. Wilkie. Said deed and mortgage have been recorded in the public records, and the claim to the property which the defendants are asserting by virtue thereof constitutes the cloud which the plaintiffs ask the court to remove. Mr. and Mrs. Forbes are the parents of Mrs. Wilkie, who is a married woman, living separate and apart from her husband; and the defendant Bart is a son of Mrs. Wilkie. All of said parties live together as one family, and Mrs. Wilkie is the business manager and provider, Mr. and Mrs. Forbes being well advanced in years and feeble.

The transactions and facts affecting the title to the property and leading to this lawsuit are as follows: Mrs. Wilkie bought the property, and paid her own money for it. By her direction her mother was named as the grantee in the deed given to consummate said purchase. Mrs. Wilkie employed a firm of real-estate agents to sell said property, and through said agents negotiated the sale of it to the Good Templars' Investment Association of Lake Washington, the corporation before mentioned. By her direction Mrs. Forbes made a deed to said corporation. At the time of said sale, Mrs. Wilkie represented to her said agents, and, presumably, through them to the purchaser, that the property was her own, but the business had to be done in the name of her mother, for the reason that she could not deal in real estate in her own name, as she had a husband living in Chicago. The defendant Bart had actual knowledge of the sale to said corporation, and subscribed the deed given by his grandmother, as one of the witnesses. Said sale was made for a consideration of $500 in cash and the further sum of $1,000 to be paid thereafter, secured by a mortgage upon the property, in which Mrs. Forbes was named as the mortgagee. Mrs. Wilkie received all of the $500, and used it as her own. There has been no offer made by either of the parties to restore any part of said consideration to said purchaser nor to the plaintiffs. Several months after said purchase the corporation sold the property to the plaintiffs for the price of $2,000, one-half of which was paid in cash, and the remainder was paid by assuming the obligation to pay Mrs. Forbes the principal and interest due and to become due upon the mortgage above mentioned. Before consummating this purchase, the plaintiffs questioned the title, on the ground that Mr. Forbes had not joined with his wife in the conveyance to the corporation; and to meet the objection so raised, and satisfy the plaintiffs that the title was valid, the agents through whom the sale was negotiated, being the same firm who had before negotiated the sale for Mrs. Wilkie to the corporation, obtained a quitclaim deed from Mr. Forbes to the plaintiffs, said deed being for a nominal consideration. After said purchase the plaintiffs entered into actual possession, and have expended about $40 in making improvements upon the property. The defendants both knew of the making of this deed at the time, and made no objection to it, except that Mrs. Wilkie informed the agents who asked for it that Mr. Forbes had no interest in the property. The deed from Mr. and Mrs. Forbes to their grandson, the defendant Bart, was given subsequent to the purchase of the property by the plaintiffs and the taking of possession under it, and for no

consideration other than love and affection; and the mortgage from Bart to his mother was also given without consideration other than love and affection; and both of said instruments were given at the request of Mrs. Wilkie.

The defendants admit that their position, for the purpose of claiming the property adversely to the plaintiffs, is no better than that which Mr. and Mrs. Forbes would occupy if the deed to the defendant Bart had not been given; but they contend that said parties did not by their separate deeds, nor by reason of the facts above narrated, convey any title to the plaintiffs or their grantor, nor become estopped from claiming the land. They claim that by the deed to Mrs. Forbes, the land became community property of the said grantee and her husband, and in this they rely upon the following provisions of the Code of this state, viz.: Sections 2400 and 2408 in effect provide that the property and pecuniary rights of married persons at the time of marriage, and the property and pecuniary rights acquired by each after marriage, by gift, devise, bequest, or inheritance, with the rents, issues, and profits thereof, shall be the separate property of each respectively; and section 2409 makes all property of married persons acquired after marriage, otherwise than as prescribed in sections 2400 and 2408, community property. When the title to real estate is conveyed to a married person by a deed which does not by its own terms or recitals show to the contrary, a legal presumption arises that the property becomes community property. This presumption is invoked, and the defendants claim that it is strengthened and made conclusive in this instance by Mrs. Wilkie's testimony given upon the trial, to the effect that she intended, by causing the conveyance of the property to her mother, to make a gift of it to both of her parents. The defendants claim further that community property cannot be conveyed by the separate deeds of the owners, nor otherwise than by a joint deed, and that any contract for the sale or incumbrance of community property other than a joint contract of the husband and wife is not enforceable, because prohibited by a positive statute, to-wit, section 2410 of the Code, which reads as follows:

"The husband has the management and control of community real property but he shall not sell, convey, or incumber the community real estate, unless the wife join with him in executing the deed or other instrument of conveyance by which the real estate is sold, conveyed, or incumbered: and such deed or other instrument of conveyance must be acknowleged by him and his wife: provided, however, that all such community real estate shall be subject to the liens of mechanics and others for labor and materials furnished in erecting structures and improvements thereon, as provided by law in other causes, to liens of judgments recovered for community debts, and to sale on execution issued thereon."

We do not assent to the proposition that the property in controversy ever became the community property of Mr. and Mrs. Forbes. The facts which are conceded in relation to Mrs. Wilkie's actions in buying and paying for the property, in ordering the sale of it, and receiving and using the proceeds, in connection with the fact that at the time of causing the title to be conveyed to her mother she did not, by any act or

declaration which can be now proven by the testimony of disinterested witnesses, manifest an intention to make a gift, and the further fact that her mother, to whom she caused the title to be conveyed, was subject to her influence, if not entirely subservient to her will, and the motive which she had to place the title to her own real estate in a person other than herself on account of her own *status* as a married woman, and consequent inability to deal in real estate in her own name, are amply sufficient to refute her testimony as to her intention to give the property to her parents. 1 Perry, Trusts, § 147. The conclusion follows naturally and irresistibly from the premises that the name of Mrs. Forbes was used in the transactions for the sake of convenience, and that from the conveyance to her there was a resulting trust in favor of Mrs. Wilkie as the true owner. Id. §§ 126, 143, 147. This being so, the deed given by Mrs. Forbes, the trustee, to the corporation by direction of Mrs. Wilkie, the *cestui que trust*, for a consideration equal to the full value of the property at the time, was sufficient to, and, in our opinion, did, convey a perfect title.

In the second place, the law of this state does not create community property out of real property acquired by gift. There is no room for misunderstanding or misinterpretation of the statute. In plain words sections 2400 and 2408 declare acquisitions by gift after marriage to be separate property, and in language equally plain section 2409 excludes property acquired by gift in describing and defining community property. Hence Mrs. Wilkie, even if she had such intention, and if she had declared it at the time, could not, by making a gift to her parents, create community property, or change the nature of the property bestowed so that it should be, after the title vested in her donees, different in character from that given to it by the statute. We find in the community property law no impediment to the vesting of an estate in a married person, whether man or woman, in trust, nor to the acquisition by a man and his wife, as the separate property of each, of undivided interests in the same lot or parcel of land; but community property, being a creation of the statute, can exist only under the statute, and must answer the statutory definition of such property.

We have considered this case, from every point of view suggested by counsel, and we must finally reach the same conclusion whether Mrs. Forbes be regarded as the holder of the title in her own right as sole owner, or as trustee for her daughter, Mrs. Wilkie, or for herself and her husband, or assume that the property was the community property of Mr. and Mrs. Forbes, for, although we could not affirm the validity of the separate deeds of a husband and wife as conveyances of the legal title to community property, unaffected by other circumstances, still we hold that the facts in this case, clearly established by the evidence, are sufficient to create an estoppel against both Mr. and Mrs. Forbes, debarring them from claiming the property adversely to the plaintiffs. Mrs. Forbes understood that by her deed given to the corporation named it was induced to pay a considerable sum of money to her daughter; and, knowing that fact, she cannot honestly or without being guilty of fraud re-

pudiate her solemn act. Mr. Forbes knew of the sale to the corporation soon after it was made, and yet made no objection to it, nor asserted any claim to the property, until after he had given his deed to the plaintiffs. This quitclaim deed, if not valid as a conveyance, is at least a disclaimer of any interest in the property, and by it the plaintiffs were induced to purchase the property and pay for it; and the person by whom they were so induced cannot by any act or deed now deprive them of the property without perpetrating a gross fraud. The plaintiffs had no reason to suppose that either Mr. or Mrs. Forbes did anything which they had no right to do in giving either of the deeds mentioned. They are not chargeable with notice of any facts rendering said deed invalid, and they occupy the position before the court in this suit of *bona fide* purchasers of the property for its full value from the apparent real owner, and, as against Mr. and Mrs. Forbes and the defendants in this case, are entitled to the protection which equity affords to such purchasers of property.

The case of *Holyoke* v. *Jackson*, 3 Pac. Rep. 841, 3 Wash. T. 235, cited by counsel for the defendants, is quite different in its facts from this case, and therefore not in point. In that case the bargain was made during the vendor's absence from his home, and without the knowledge of his wife. The vendee was the proposing party in the negotiations. He knew at the time of the transaction that the property was community property which the other party could not sell without his wife's consent, and he was distinctly warned, before he paid any part of the purchase money, that the wife had not consented to nor authorized the sale. Then, at the earliest opportunity after being informed of it, the wife disaffirmed the sale, and so notified the vendee, and a legal tender of the amount of money received on the contract, with interest, was promptly made, and thereafter kept good. There was no fraud in the case, so that there could have been no recovery of damages in a sum greater than the amount tendered before the suit was commenced. That case, therefore, is one in which the defense rested upon honorable grounds, and it does not support the position held by the defendants in this case in their endeavors to beat a purchaser out of the fruits of his bargain, after receiving from him, and while retaining, the purchase money. The other authorities cited on the side of the defense are also inapplicable to the facts of this case as we find them from the evidence. Upon consideration of all the evidence, pleadings, and arguments, we consider the plaintiffs to be entitled to the relief prayed for, and award them a decree accordingly.

SAWYER, J., concurs.